IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN RAMEY | § | |
|    Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| THE BANK OF NEW YORK MELLON | § | C.A. NO. ___5:19-cv-976___ |
| AND SELECT PORTFOLIO SERVICING, | § | |
| INC. | § | |
|    Defendants | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, The Bank of New York Mellon, f/k/a The Bank of New York, as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for IXIS Real Estate Capital Trust 2005-HE2, Mortgage Pass-Through Certificates, Series 2005-HE2 as improperly named as The Bank of New York Mellon ("**Trustee**") and Select Portfolio Servicing, Inc. ("**SPS**") (collectively, "**Defendants**") hereby remove this case from the 225th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Defendants deny the claims and damages alleged in Plaintiff's Original Complaint and file this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

## I.    INTRODUCTION

1.    On August 5, 2019, Plaintiff John Ramey ("**Plaintiff**") commenced this action by filing Plaintiff's Original Complaint (the "**Complaint**"), Cause No. 2019CI15567 in the 225th District Court of Bexar County, Texas (the "**State Court Action**"). *See* Exhibit "C-1". The State Court Action was filed for purposes of delaying or challenging a foreclosure sale by Trustee on real property located at 16603 Old Stable Road, San Antonio, Texas 78247 (the

"**Property**").[1]   In support of that effort, Plaintiff requested and obtained an ex parte Temporary Restraining Order on August 5, 2019 that sought to preclude foreclosure on the Property.   See Exhibit C-3.

2.        Pursuant to 28 U.S.C.A. §1446(b) (West) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendants' first receipt of the initial state court pleading.   *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## II.  PLEADINGS AND NOTICE TO STATE COURT

3.        True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C.A. §1446(a).   Pursuant to 28 U.S.C.A. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.  STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4.        This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C.A. §1332(a)(1) (West).   That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C.A. §1332(a)(1).   Venue is proper in this district under 28 U.S.C.A. §1441(a) (West) because the state court where the State Court Action has been pending is located in this district.   As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

---

[1]        See the Complaint at ¶ 1.

2

## IV.  <u>DIVERSITY JURISDICTION</u>

**A.**     <u>**Citizenship of the Parties**</u>

5.     This civil action involves a controversy between citizens of different states.

6.     Plaintiff is a citizen of Texas for diversity purposes.[2]

7.     Defendant, Trustee, is the trustee of a trust and is not a citizen of Texas for diversity purposes. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980). The Bank of New York Mellon is a Delaware corporation with its principal place of business in New York, New York.   A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[3]  Accordingly, The Bank of New York Mellon and thus Trustee were at the time of the commencement of this action, and at all material times, citizens of Delaware and New York.

8.     Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation.  A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center"). 28 U.S.C.A. § 1332(c)(1). Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah.  SPS is not incorporated in Texas, nor is its principal place of business located in Texas.  Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

9.     Because Plaintiff is a citizen of Texas and Defendants are citizens of states other than Texas, there is complete diversity of citizenship among the parties.  *See* 28 U.S.C.A. §332(c)(1) (West).

---

[2]     See Complaint at ¶1.
[3]     28 U.S.C.A. § 1332(c)(1) (West).

999999.190/3330912.1

### B.   **Amount in Controversy**

10.    This case places an amount in controversy that exceeds the $75,000 threshold.  A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C.A. §1441(a). Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C.A. § 1332(a).

11.    When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

12.    If the Complaint does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper). The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In this instance, Plaintiff's Complaint makes it apparent that Plaintiff's claimed damages exceed $75,000.00.

13.    In the Complaint, among other things, Plaintiff sues for breach of contract, and seeks temporary and permanent injunctive relief precluding foreclosure by Defendants on the

4

Property[4]  This has had and if successful will have the effect of precluding Trustee from exercising its contractual and legal right to foreclose on the Property.

14.     The value of the Property for 2019 according to the Bexar County Appraisal District is no less than $367,510.00.  See Exhibit D.

15.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[5]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[6]  Plaintiff seeks relief which has and will preclude enforcement of the contractual loan obligations and Defendants' right to obtain title and take possession of the subject property.[7]

16.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[8]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[9]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[10]  The value of the subject property in this instance for diversity purposes is no less than $367,510.00 per the records of the Bexar County Appraisal District for 2019.  *See* Exhibit D.  The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes and the claim for attorney's fees further supports the requisite amount in controversy for diversity jurisdiction.

---

[4]   See Complaint at ¶¶ 5-7.
[5]   *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).
[6]   *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).
[7]   See Complaint at ¶¶ 5-7.
[8]   *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).
[9]   *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[10]  *See Berry v. Chase Home Fin., LLC*, No. CIV.A. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

## V. JURY DEMAND

17.    Plaintiff has made no known jury demand in the State Court Action.

## VI. CONCLUSION

18.    For the foregoing reasons, Defendants ask the Court to remove this suit to the

United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas  77002-2772
Tel 713-220-9182 / Fax 713-223-9319
E-mail: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2019, a true and correct copy of the
foregoing and/or attached was served on each attorney of record or party in accordance with
**Federal Rule of Civil Procedure 5(b)** as follows:

Jason J. Jakob
Diaz Jakob, LLC
Alamo Towers-West Bldg.
901 N.E. Loop 410, Suite 900
San Antonio, Texas 78209
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

6